UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| WILLIAM F. FORD, | § | |
| | § | |
| **Defendant/Petitioner,** | § | |
| | § | **CRIMINAL ACTION V-06-32** |
| v. | § | |
| | § | **CIVIL ACTION V-09-66** |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| **Plaintiff/Respondent.** | § | |

## MEMORANDUM OPINION & ORDER

This action is before the Court on Defendant/Petitioner William F. Ford's ("Ford") Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Dkt. No. 59).[1] Shortly before the United States ("the Government") responded to Ford's motion, Ford filed a "Motion for Leave to File Amended Petition for Habeas Corpus § 2255" (Dkt. No. 66). Roughly nine months later, Ford again moved to amend his § 2255 motion. (*See* Dkt. No. 71.) The Government has not responded to either of Ford's motions seeking leave to amend.

**I. Legal Standard**

The Federal Rules of Civil Procedure apply to amendments of motions brought under § 2255. *See* 28 U.S.C. § 2242; RULES GOVERNING SECTION 2255 PROCEEDINGS, R. 12. Rule 15(a) provides that a plaintiff is allowed, as a matter of right, one amendment before any responsive pleading has been filed. FED. R. CIV. P. 15(a)(1). *See also United States v. Nabor*, 256 Fed. Appx. 669, 670 (5th Cir. 2007). After a responsive pleading has been served, a plaintiff may amend his pleading "only with the opposing party's written consent or the Court's leave." FED. R. CIV. P. 15(a)(2). Rule 15 further instructs that leave to amend "shall be freely given when justice so requires." *Id.*

---

1. Citations in this Order refer to Criminal Action No. V-06-32.

Notably, a proposed amendment to an initial motion to vacate pursuant to § 2255 does not constitute a second or successive motion subject to the Antiterrorism and Effective Death Penalty Act's (AEDPA) limitations on such motions. *United States v. Chavez-Duque*, 2010 WL 1257813, *1 (S.D. Tex. Mar. 26, 2010) (citing *Johnson v. United States*, 196 F.3d 802, 805 (7th Cir. 1999)). However, any claims raised in an amended § 2255 motion are nonetheless subject to AEDPA's one-year statute of limitations.

## II. Analysis

### A. Ford's (First) Motion for Leave to File Amended Petition for Habeas Corpus § 2255 (Dkt. No. 66)

On February 13, 2007, a jury found Ford guilty of possession of a firearm and ammunition by a felon in violation of 18 U.S.C. §§ 2,922(g)(1) and 924(a)(4). (Dkt. No. 25.) Ford timely appealed, and on March 4, 2009, the United States Court of Appeals for the Fifth Circuit affirmed Ford's judgment of conviction. *United States v. Ford*, 312 Fed. Appx. 683 (5th Cir. 2009). Ford did not seek a writ of certiorari from the United States Supreme Court. Accordingly, his judgment of conviction became final on June 2, 2009. Under AEDPA's one-year statute of limitations, Ford's deadline for filing a motion pursuant to § 2255 was June 2, 2010. Ford timely filed his original Motion to Vacate Sentence under 28 U.S.C. § 2255 on November 12, 2009.[2] Ford's first motion for leave to amend, filed March 12, 2010, was also timely filed.

Because Ford's first motion for leave to amend was timely filed before the Government responded to Ford's original motion, Ford is entitled to amend as a matter of right. *See* FED. R. CIV. P. 15(a). Accordingly, the Court finds that Ford's first motion for leave to amend should be **GRANTED**.

---

2. A federal habeas petition is considered filed on the date it is placed in the prison mail system. *See Spotsville v. Cain*, 149 F.3d 374, 378 (5th Cir.1998).

**B. Ford's (Second) Motion to Amend Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255 (Dkt. No. 71)**

As noted above, Ford's deadline for filing a § 2255 motion was June 2, 2010. Because Ford's second motion to for leave to amend, filed November 26, 2010, was filed outside AEDPA's one-year statute of limitations, the Court must determine whether Ford's claims in his second proposed amendment "relate back" to his first filing so as to render them timely. *Mayle v. Felix*, 545 U.S. 644, 657—59 (2005) (examining the interaction between AEDPA's statute of limitations and the relation-back provision of FED. R. CIV. P. 15(c)). "[R]elation back depends on the existence of a common 'core of operative facts' uniting the original and newly asserted claims." *Id.* at 659 (citing *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc.*, 690 F.2d 1240, 1259 n.29 (9th Cir. 1982); 6A C. WRIGHT, A. MILLER, & M. KANE, FEDERAL PRACTICE AND PROCEDURE § 1497, p.85 (2d ed. 1990)).

Although Ford complains of ineffective assistance of counsel in both his original motion to vacate and his second proposed amendment, "[n]ew claims of ineffective assistance of counsel do not automatically relate back to prior ineffective assistance claims simply because they violate the same constitutional provision." *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). Rather, the Court must decide whether Ford's second proposed amendment presents "'a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Id.* (quoting *Mayle*, 545 U.S. at 650).

Ford's original § 2255 motion raises only one issue—whether his trial counsel's failure to renew his motion for judgment of acquittal at the close of the evidence denied Ford his Sixth Amendment right to effective assistance of counsel.  Ford's second motion for leave to amend makes no mention of the claim raised in his original § 2255 motion. Instead, Ford complains that his trial counsel was ineffective because he: (1) failed to subpoena defense witness Kevin Henry; (2) failed to filed a motion to suppress evidence; and (3) failed to have Ford's sentence run

concurrent to an undischarged term of imprisonment. Ford further complains that his attorney on appeal was ineffective because he did not include this Court's denial of Ford's request for a bench trial as grounds for appeal.

The Court finds that Ford's second proposed amendment raises new grounds for relief, and the claims asserted therein do not share a "common 'core of operative facts'" with the single issue raised in his original motion. *Mayle*, 545 U.S. at 659. Instead, Ford's original claim involves an "entirely distinct type of attorney misfeasance" from the claims asserted in his second proposed amendment. *See Gonzalez*, 592 F.3d at 679 (quoting *United States v. Ciampi*, 419 F.3d 20, 24 (1st Cir. 2005)). Because Ford's second proposed amendment does not relate back to his original § 2255 motion, it is time-barred under AEDPA.

## III. Conclusion

Accordingly, the Court hereby **ORDERS** as follows:

1. Ford's Motion for Leave to File Amended Petition for Habeas Corpus § 2255 (Dkt. No. 66) is **GRANTED**.

2. Ford's Motion to Amend Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. 2255 (Dkt. No. 71) is **DENIED**.

3. Ford's Motion for Abeyance (Dkt. No. 64) is **DENIED** as moot.

4. The Government shall answer Ford's amended § 2255 motion not later than sixty days after the entry of this Order.

5. Pursuant to Rule 5(d) of the 2255 RULES, Ford may file a reply not later than thirty days after service of the Government's answer.

**SIGNED** this 10th day of January, 2010.

JOHN D. RAINEY
SENIOR U.S. DISTRICT JUDGE